# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| Christy L. Marsden, | Case No. 3:14CV00399 |
| Plaintiff, | District Judge Thomas M. Rose |
| vs. | Chief Magistrate Judge Sharon L. Ovington |
| Nationwide Biweekly Administration, Inc., et al., | |
| Defendants. | |

# ORDER

## I.  Introduction/Background

Plaintiff alleges Title VII and Ohio Law violations, including but not limited to sexual harassment, retaliation, and hostile work environment. (Doc. # 1). Before the Court is Plaintiff's Motion to Compel Discovery Responses and Productions and for Sanctions against Defendants, Strategic HR, Inc., and Their Counsel. (Doc. # 16). Defendants filed a Memorandum in Opposition to Plaintiff's Motion to Compel. (Doc. # 19.)

Plaintiff contends that she is unable to move forward in this litigation because of Defendants' refusal to cooperate during the discovery process. (Doc. # 16, PageId # 87).

Specifically, Plaintiff contends that Defendants have failed to answer Interrogatory No. 9 and Request for Production of Documents No. 4. (Doc. # 16, PageId # 87).

Plaintiff requests an Order, under Fed. R. Civ. P. 37(a)(3)(B), compelling answers to Interrogatory No. 9 and Request for Production of Documents No. 4. They read:[1]

> Interrogatory No. 9: Please identify all individuals employed in the positions Plaintiff held as set forth in response to Interrogatory No. 7 above from 2005 through the present, including his/her job title, phone number, address, start date, disciplinary history (including whether ever placed in a performance improvement plan (PIP)), termination date (if applicable), reason for termination, and salary.
>
> Request for Production of Documents No. 4: Produce all documents related to the disciplinary history of any individuals listed in the Response to Interrogatory No. 7[2] who have ever been subject to any discipline during the course of their employment, including but not limited to, disciplinary forms, memoranda, communications, performance appraisals, records related to performance improvement plans, records related to performance (including while on PIP), records related to whether the employees did not fulfill the requirements of their PIP, changes in compensation or benefits, and any other document related in any way to discipline.

(Doc. # 16, PageID ## 106, 108)(footnote added).

Defendants contend that Plaintiff's Motion does not set forth any likely benefit from obtaining the requested information that would outweigh the extreme burden and production expense placed on Defendants to produce such information. (Doc. # 19, PageId # 244).

---

[1] The parties have agreed to limit the scope of Request for Production No. 4 to the year immediately preceding Plaintiff's employment. (Docs. ## 16, 19).

[2] This clerical error was subsequently changed to No. 9.

## II. Discussion

The trial court has broad discretion in determining the proper scope of discovery. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis*, 135 F.3d at 402 (citing *Mellon v. Cooper–Jarrett, Inc.,* 424 F.2d 499, 501 (6th Cir. 1970). But where information sought is overly broad or would prove unduly burdensome to produce, district courts have discretion to limit the scope of discovery. *Crabbs v. Scott*, No. 2:12-CV-1126, 2013 WL 4052840, at *1 (S.D. Ohio Aug. 9, 2013) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.,* 474 F.3d 288, 305 (6th Cir. 2007)) (citing Fed. R. Civ. P. 26(b)(2)). In determining the proper scope of discovery, a district court balances a party's "right to discovery with the need to prevent 'fishing expeditions.'" *Crabbs,* 2013 WL 4052840, at *1 (citing *Conti v. Am. Axle & Mfg. Inc.,* 326 F. App'x 900, 907 (6th Cir. 2009)) (quoting *Bush v. Dictaphone Corp.,* 161 F.3d 363, 367 (6th Cir. 1998)). A central part of this determination concerns proportionality:

> "[T]he Federal Rules of Civil Procedure instruct district courts to limit discovery where its 'burden or expense...outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.'" *Surles*, 474 F.3d at 305 (quoting former Fed. R. Civ. P. 26(b)(2)(C)(iii)). These factors are retained in revised Fed. R. Civ. P. 26(b)(1), reflecting "their original place in defining the scope of discovery." Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment.[3] "Restoring proportionality" is the touchstone of revised Rule 26(b)(1)'s scope of discovery provisions. *Id*.

---

[3] The revised Rule 26(b)(1) factors are as follows:
the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in

3

*Siriano v. Goodman Mfg. Co., L.P.*, No. 2:14-CV-1131, 2015 WL 8259548, at *5 (S.D. Ohio Dec. 9, 2015)(footnote added).

Defendants have already produced the full performance improvement plans and discipline files of the seven employees Plaintiff has identified in her production. (Doc. # 19, PageID # 245). Defendants have also produced the performance improvement plans and discipline files of Nationwide employees Tiffany England and Nathan Bucher. (*Id*.). In addition, Defendants are willing to produce documents on other employees who Plaintiff can specifically identify, but Plaintiff objects to this overly burdensome request. (Doc. # 16, PageID # 81).

The Court is persuaded that the two discovery requests at issue are overly broad. Plaintiff's best argument for production appears to be the allegation that "there is reason to believe there are numerous other comparable employees treated more favorably than Plaintiff." (Doc. # 16, PageID # 87). However, this general allegation, with no factual support, does not justify production. Plaintiff has not shown how obtaining this information would lead to any likely benefit. Plaintiff has offered to limit the scope of the two discovery requests to those employees who were disciplined for the same conduct Defendants purportedly terminated Plaintiff for (Doc. # 16, PageId # 81) and has agreed to limit the Request for Production No. 4 to the year preceding Plaintiff's employment. But Plaintiff has not provided any factual support to the Court to show the likely benefit

---

resolving the issues, and whether the burden or expense of the proposed discovery out-weighs its likely benefit.

4

obtained from a response to the two discovery requests, or why the two discovery requests should not be considered a fishing expedition. In that sense, the two discovery requests remain overly broad.

Additionally, Defendants have demonstrated, and the Court is persuaded, that further responding to the two discovery requests at issue would cause them an undue burden and expense. Defendant Nationwide has laid off over 60% of their workforce and is winding down its business. (Doc. # 19, PageID # 240). In the past, Defendant Nationwide had significant employee volume and turnover, and Defendant Nationwide stores all personnel files in paper form in its home office. (Doc. # 19, PageID # 243). Furthermore, it appears Defendant Nationwide has limited personnel to search and review the personnel files. (Doc. # 19, PageID # 244). For these reasons, the time and resources needed to search and review all the personnel files would impose a significant burden and expense upon Defendants. Although Plaintiff does not have access to all the requested information, the other proportionality factors – mainly Defendants' resources and the burden and expense of production – outweigh the production's likely benefit to Plaintiff. Accordingly, the Court's Rule 26(b)(1) analysis weighs in favor of denying Plaintiff's Motion.

As the Court has denied Plaintiff's Motion to Compel Discovery Responses, Plaintiff's additional requests for fees, costs and sanctions lack merit.

Finally, in light of the protective order, the issue over the production of the subpoenaed documents is now moot. (Doc. # 20).

## IT IS THEREFORE ORDERED THAT:

Plaintiff's Motion to Compel Discovery Responses and Productions and for Sanctions against Defendants Strategic HR, Inc., and their Counsel (Doc. # 16) is DENIED.

Date:  2/8/2016                                            *s/ Sharon L. Ovington*
                                                          Sharon L. Ovington
                                                          Chief United States Magistrate Judge